*Strother & Orr*, for appellant.

*J. J. Landrum*, for appellees.

---

## JAMES S. OFFUTT *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—333.]

**Criminal Law—Plea of Former Conviction.**

> The plea by a defendant of former acquittal is a good defense, where the conviction for an injury to a person by assaulting and beating him denominated an intimidation and disturbance, and the second charge is for assault and battery based on the same facts and circumstances, the former offense of which he was convicted belonging to the same class of offenses, the latter being a degree of the former offense.

### APPEAL FROM BOURBON CIRCUIT COURT.

October 22, 1881.

OPINION BY JUDGE HARGIS:

Whether the accused was in good faith committed or surrendered to the custody of the jailer can not be considered on this appeal, that being a question of fact for the jury, under the proof on a sufficient plea.

The plea of former conviction before the quarterly court judge under the Act of March 18, 1876, fully presented the facts, which, if true, showed that a legal trial and conviction for the offense charged in the indictment had been had before that officer. The plea does not disclose any fact which of necessity proved that the surrender or commitment of the accused was a device or contrivance to give the quarterly court jurisdiction and to escape a trial in the circuit court where the indictment was found. The demurrer, which admitted the facts but denied their sufficiency in law, ought therefore to have been overruled.

Although it was held in *Carrington v. Commonwealth*, 78 Ky. 83, that the appellant, who by a transparent device procured the quarterly court to try him, could not thereby oust the jurisdiction of the circuit court, and that a judgment of acquittal thus procured was not a bar, yet the fact on which that judicial determination was delivered was left to the jury to ascertain under appropriate instructions; but here the court refused to allow the record or any evidence to be heard upon the plea of former conviction, to which the demurrer was filed and sustained. The exclusion of the record and all evidence relative to the trial in the quarterly court would have been correct had the plea been bad.

The second plea, of former acquittal, substantially states that the appellant had been indicted, tried and acquitted under what is commonly known as the Ku Klux law, for the identical acts alleged in the indictment in this case. The prosecution took place in the same court, and the indictment, verdict and acquittal are shown from the record, in appellant's plea. To it a demurrer was also sustained. The plea was not deficient in form, and if the offense for which he was tried and acquitted in a court of competent jurisdiction belongs to that class of offenses of which assault and battery is a degree, the demurrer to the plea of former acquittal ought to have been overruled, because the trial and acquittal furnished a complete bar to the prosecution.

Under Buckner & Bullitt's Crim. Code, § 263, sub-sec. 2, "All injuries to the person by maiming, wounding, beating and assaulting, whether malicious or from sudden passion, and whether attended or not with intention to kill," are deemed degrees of the same offense. The indictment set forth in the plea charges that the accused and another unlawfully confederated and banded

themselves together for the purpose of intimidating, alarming and disturbing one, Jesse McFadden, and while so confederated and banded together did assault, beat, bruise and injure him. This court has recently held, Chief Justice Lewis delivering the opinion, that the injury under the law against intimidation, etc., must be the result of physical force. The indictment named in the plea discloses that the accused was tried for an injury to the person of McFadden by assaulting and beating him, which is denominated an intimidation and disturbance.

He was not only tried for confederating to intimidate and disturb McFadden, but for actually intimidating and disturbing him also, and this by the same acts for which he was indicted in the case before us. Thus it will be seen that the two offenses are degrees of personal injury inflicted by some of the modes named in the subsection above referred to.

If his second plea be true the prosecution and acquittal stated in it constitute a bar also to his further prosecution. Wherefore the judgment is *reversed* and cause remanded with directions to overrule the demurrer to the plea of former conviction and acquittal, and for further proper proceedings.

*Chas. Offutt, for appellant.*

*P. W. Hardin, for appellee.*